[No. A045689. First Dist., Div. One. Aug. 23, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
LIBRADO CABRERA FORTANEL, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

† Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

**COUNSEL**

J. Frank McCabe, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLMDAHL, J.***—Defendant was convicted of one count of lewd and lascivious conduct with a child by force. On appeal, he contends the information's failure to specify the date of the offense denied him of his right to due process. In an unpublished portion of this opinion we discuss his contention that the case should be remanded for resentencing.

The judgment of conviction is affirmed.

### Statement of Facts

The Fortanel family lived three houses away from eight-year-old Martha J.'s house. One day in 1986, sometime in June or July, Martha was playing with her sister, and the daughter of defendant Librado Cabrera Fortanel, at the Fortanel home. At some point during the day, defendant approached Martha when her sister and defendant's daughter had left her alone. He grabbed her hand and told her he wanted to show her something. He led her down a stairway in the backyard into a basement, where there was a mattress.

Defendant partially disrobed Martha, and put his hand over her mouth to prevent her from screaming. Defendant proceeded to fondle Martha.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

Defendant placed Martha on the mattress, then exposed himself and rubbed his penis on her chest.

When Martha's sister and defendant's daughter were heard at the top of the stairs into the basement, defendant stood up, pulled up his pants, and left the basement. There was apparently another exit, through the garage. Martha was dressed when the other two girls came down into the basement.

Martha did not tell anyone about the incident for approximately two years. She finally confided in her sister, who urged her to tell their mother. She eventually told her mother, who contacted the police.

### Procedural History

On December 16, 1988, the Contra Costa County District Attorney filed an information charging defendant with one count of lewd and lascivious conduct with a child by means of force (Pen. Code, § 288, subd. (b)),[1] "[o]n or about June 1, 1986 through July 31, 1986." The district attorney further alleged that because defendant used force to commit the crime, he was ineligible for probation (§ 1203.066, subd. (a)(1)).

Defendant pled not guilty.

At the jury trial, Martha was the sole prosecution witness. The defense tried to show defendant was on vacation in Mexico at the time the crime occurred. Defendant's wife testified the Fortanel family was in Mexico in May and June of 1986. The family returned on June 26 or 27. The custodian of records from defendant's employer testified the employer's records showed defendant was on vacation from his job between May 25 to June 28, 1986. Detective Joseph Anderson of the Richmond Police Department testified that Martha reported the incident took place in June 1986.

Defendant's sister-in-law testified she and her four children lived in the basement of the Fortanel home during all of 1986. She stated she rarely went out. Martha's sister testified she never saw her sister sitting by herself on the mattress in the basement. Finally, defendant's daughter testified that Martha told her she "thinks this is a dream."

The jury found defendant guilty as charged. Defendant moved to modify the verdict, or for a new trial. The trial court denied the motions and sentenced defendant to the middle term of six years in state prison.

---

[1] All statutory references are to the Penal Code.

*Discussion*

*Information's Lack of Specificity*

Defendant contends the information's lack of specificity as to the date of the offense prevented him from defending against the charge and denied him of his right to due process.

Section 955 provides: "The precise time at which the offense was committed need not be stated in the accusatory pleading, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense."

Defendant acknowledges that the People, under section 955, ordinarily need not plead the exact time of the commission of the offense. But, he asserts, when the defendant raises an alibi defense, the time of the commission of the offense must be established. Dictum in several Court of Appeal decisions provides some support for his position. (See, e.g., *People* v. *Moore* (1989) 211 Cal.App.3d 1400, 1414 [260 Cal.Rptr. 134]; *People* v. *Obremski* (1989) 207 Cal.App.3d 1346, 1354 [255 Cal.Rptr. 715]; *People* v. *Barney* (1983) 143 Cal.App.3d 490, 497 [192 Cal.Rptr. 172].)

Defendant quotes the following language from *Barney*: "Ordinarily, the People need not plead the exact time of commission of an alleged offense. (Pen. Code, § 955.) However, if the defense is alibi or, as here, lack of opportunity to commit the offense, the exact time of commission becomes critically relevant to the maintenance of the defense . . . . The defendant is entitled as a matter of due process to have the time of commission of the offense fixed in order to demonstrate he was elsewhere or otherwise disenabled from its commission." (*People* v. *Barney, supra*, 143 Cal.App.3d at p. 497.)

*Barney* is one of the many recent Court of Appeal decisions involving a "resident child molester." (See *People* v. *Van Hoek* (1988) 200 Cal.App.3d 811, 814, fn. 1 [246 Cal.Rptr. 352]; see also *People* v. *Fernandez\** (Cal.App.); *People* v. *Moore, supra*, 211 Cal.App.3d 1400; *People* v. *Moreno* (1989) 211 Cal.App.3d 776 [259 Cal.Rptr. 800]; *People* v. *Slaughter\** (Cal.App.); *People* v. *Obremski, supra*, 207 Cal.App.3d 1346; *People* v. *Vargas* (1988) 206 Cal.App.3d 831 [253 Cal.Rptr. 894].) Typically, the evidence in these cases shows repeated acts over a substantial period of time, but with few specific details. The character of the evidence raises issues related to the sufficiency of the evidence and due process (the ability

---

\*Reporter's Note: *People* v. *Fernandez* (H004537), cause transferred to Court of Appeal, Sixth Appellate District, with directions to vacate its opinion and reconsider; for subsequent opinion, see 226 Cal.App.3d 669. *People* v. *Slaughter* (C003154), review dismissed and cause remanded to Court of Appeal, Third Appellate District.

of the jury to agree on the particular act supporting a given count, sufficiency of the notice of the offenses charged, and the ability of the defendant to raise an alibi defense). The Courts of Appeal have reached different conclusions on the resolution of these issues. In a recent opinion, the California Supreme Court settled these issues in the resident child molester context. (*People* v. *Jones* (1990) 51 Cal.3d 34 [270 Cal.Rptr. 611, 792 P.2d 643].) The Supreme Court concluded that generic testimony may support a criminal conviction, and does not necessarily violate the defendant's right to due process. (*Id.* at p. 60.)

This case does not involve a resident child molester. In *Barney*, the prosecutor selected two of a "plethora of lewd acts." (*People* v. *Barney, supra,* 143 Cal.App.3d at p. 497.) The specific issue was the propriety of a jury instruction that allowed the jury to find defendant guilty if it found he committed the charged crime "on or about" a certain date. The *Barney* court found this instruction was error because the evidence narrowed the time of one of the charged offenses to a single weekend. (*Id.* at pp. 497-498.) "The jury may have convicted him on the erroneous assumption it was proper to conclude *some* terminal act in the unrebutted series occurred near the weekend in question." (*Id.* at p. 498, italics in original.)

█ In the present case, there was evidence of a single act, and defendant was charged with a single count. The evidence did not point to a particular day. The issue is whether defendant's ability to raise an alibi defense was impaired by the People's inability to plead and prove the act alleged here occurred on a certain date. Although there is no authority directly on point, we conclude that it is unreasonable to require the pleading or proof of a specific day, even when defendant raises an alibi defense.

The most pertinent case is *People* v. *Wrigley* (1968) 69 Cal.2d 149 [70 Cal.Rptr. 116, 443 P.2d 580]. In *Wrigley*, the defendant was a neighbor of the victim. The defendant was accused of touching the minor on two occasions. (*Id.* at p. 152.) The minor thought the incidents took place in May and June. (*Id.* at p. 153.) Defendant presented evidence that showed he had been in Mexico most of May. The indictment charged an offense that occurred " 'during the month of June 1965.' " (*Id.* at p. 154.)

The Supreme Court formulated the question before it as follows: "When an indictment charges that the offense occurred 'during the month of June 1965,' and the defense is an alibi, is it error for the court to instruct that the jury may find defendant guilty if they find beyond a reasonable doubt that he committed the offense at any time within the time covered by the evidence?" (69 Cal.2d at pp. 154-155, italics omitted.) The court answered this question, "No." (*Id.* at p. 155.) The court held all that was required was

that the jury be instructed to limit its consideration to the time of the offense shown by the evidence. (*Id.* at pp. 156-157.) The court also held the variance between the time pleaded and the proof did not cause a problem.

Here, defendant does not contend that the trial court misinstructed the jury. The jury was instructed that it must agree upon a specific act that occurred between June 1, 1986, and July 31, 1986 (CALJIC No. 4.71.5).

Defendant cannot argue that he received inadequate notice of the charged offense and the relevant time period. If defendant felt the information was too vague, he could have demurred. As the People maintain, there is no authority for the proposition that when a defendant offers a partial alibi, the witness must specify that the crime occurred outside the period covered by the alibi. The holding in *Wrigley* indicates there is no such requirement.

"Courts should not require that a child victim of sexual abuse be able to testify about the time of the offense with more precision than the victims of other types of crimes." (*People* v. *Avina* (1989) 211 Cal.App.3d 48, 56 [259 Cal.Rptr. 178].) The present case turned on the credibility of the victim. Defendant's partial alibi and testimony that Martha might have dreamed or imagined the incident cast a shadow on Martha's credibility, but not enough to raise a reasonable doubt in the jury's mind. The two-month period set forth in the information was not so broad as to deny defendant his right to due process.

*Sentencing—Probation\**

. . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Racanelli, P. J., and Stein, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1990. Mosk, J., was of the opinion that the petition should be granted.

---

\*See footnote, *ante*, page 1641.